Jason Mahoney (*pro hac vice* motion pending, DC Bar No. 489276)
jmahoney@cftc.gov
Timothy J. Mulreany (*pro hac vice* motion pending, MD Federal Bar No. 08262)
tmulreany@cftc.gov
Plaintiff U.S. Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5000 (telephone)
(202) 418-5868 (facsimile)
Kent A. Kawakami (California Bar # 149803)
Kent.Kawakami@usdoj.gov
U.S. Attorney's Office
300 N. Los Angeles St., #7516
Los Angeles, CA 90012
(213) 894-4858 (telephone)
(213) 894-2380 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLNSHIRE TRADING PARTNERS, LLC. AND SCOTT GEISINGER,<br><br>Defendants. | CV12-07417PA(VBKx)<br>Docket No:<br><br>COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL MONETARY PENALTIES AND OTHER EQUITABLE RELIEF |

- 1 -

Plaintiff, the United States Commodity Futures Trading Commission ("Commission" or "CFTC"), by its attorneys, alleges as follows:

## I. PRELIMINARY STATEMENT OF JURISDICTION

1. As discussed in more detail in Section III, below, this Court has jurisdiction over this matter as alleged herein pursuant to the Commodity Exchange Act, 7 U.S.C. §1 *et seq.* (2006 & Supp. IV 2011), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("Act")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008).

## II. SUMMARY

2. From at least October 18, 2010 through the present (the "relevant period"), Defendant Lincolnshire Trading Partners, LLC ("Lincolnshire"), by and through its agent, Defendant Scott Geisinger ("Geisinger") (collectively, the "Defendants"), violated Section 2(c)(2)(C)(iii)(I)(bb) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(bb) (2006 & Supp. IV 2011), and Commission Regulation ("Regulation") 5.3(a)(3)(i), 17 C.F.R. § 5.3(a)(3)(i) (2012), by exercising discretionary trading authority or obtaining written authorization to exercise written trading authority over forex trading accounts for or on behalf of persons that are not eligible contract participants ("ECP") in connection with leveraged forex transactions while not being registered as a commodity trading advisor ("CTA") with the Commission.

3. Similarly, Geisinger violated Section 2(c)(2)(C)(iii)(I)(bb) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(bb) (2006 & Supp. IV 2011), and Regulation 5.3(a)(3)(ii),

17 C.F.R. § 5.3(a)(3)(ii) (2012), by soliciting clients or prospective clients to open discretionary accounts in retail, leveraged forex transactions, or supervising any person so engaged, while associated with Lincolnshire as a partner, officer, employee, consultant or similar agent, without being registered with the Commission as an associated person ("AP") of Lincolnshire.

4. Accordingly, the Commission brings this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006 & Supp. IV 2011), and Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C) (2006 & Supp. IV 2011), to enjoin Defendants' unlawful acts and practices and to compel their compliance with the Act and Regulations. In addition, the Commission seeks civil monetary penalties and remedial ancillary relief, including, but not limited to, trading and registration bans, restitution, disgorgement, rescission, pre- and post-judgment interest, and such other relief as the Court may deem necessary and appropriate.

5. Unless restrained and enjoined by this Court, Defendants are likely to continue to engage in the acts and practices alleged in this Complaint and similar acts and practices, as more fully described below.

### III.   JURISDICTION AND VENUE

6. The Act establishes a comprehensive system for regulating registrants pursuant to the Act. Section 6c of the Act, 7 U.S.C. § 13a-1 (2006 & Supp. IV 2011), authorizes the Commission to seek injunctive and other relief against any person or entity whenever it shall appear to the Commission that such person or entity has engaged, is

engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any Commission rule, regulation, or order.

7. This Court has jurisdiction over this matter as alleged herein pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006 & Supp. IV 2011), and Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C) (2006 & Supp. IV 2011). Specifically, during the relevant period, Lincolnshire, through its agent Geisinger, exercised discretionary trading authority or obtained written authorization to exercise written trading authority over accounts for or on behalf of persons that were not ECPs in connection with leveraged forex transactions without being registered as a CTA, and without having any valid exemption from the requirement to register. Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C) (2006 & Supp. IV 2011) applies to the agreements, contracts or transactions that Lincolnshire and Geisinger offered or entered into with Lincolnshire's non-ECP clients.

8. Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006 & Supp. IV 2011), because Defendants transact or have transacted business, among other places, in this District, and the acts and practices in violation of the Act are occurring or have occurred, among other places, within this District.

### IV. PARTIES

9. Plaintiff **United States Commodity Futures Trading Commission** is an independent federal regulatory agency that is charged by Congress with the responsibility

for administering and enforcing the provisions of the Act, 7 U.S.C. § 1 *et seq.*, and the Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* The Commission maintains its principal office at Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C., 20581.

10. Defendant **Lincolnshire Trading Partners, LLC** is a corporation organized and operated under the laws of the state of New York, with its principle place of business located at 130 Fernpine Lane, Pomona, California, 91767. Geisinger is Lincolnshire's Chief Executive Officer. Lincolnshire has never registered with the Commission in any capacity. Lincolnshire is not a financial institution, registered broker dealer, insurance company, futures commission merchant ("FCM"), financial holding company, or investment bank holding company, nor is it an AP of such entities.

11. Defendant **Scott Geisinger** is an individual residing in San Dimas, California, 91773. Geisinger is the Chief Executive Officer of Lincolnshire. He takes an active role in soliciting clients for Lincolnshire. He has never registered with the Commission in any capacity.

V. **OTHER RELEVANT ENTITIES**

12. **City Credit Capital (UK), Ltd.** ("CCC") is a corporation with its principal place of business at 20th Floor Tower 42, 25 Old Broad Street, London, United Kingdom. CCC has never been registered with the Commission in any capacity. CCC was a named

defendant in *CFTC v. City Credit Capital (UK), Ltd.*, Case No.:1:11-cv-06207 (N.D. Ill. filed September 7, 2011).

## VI.   FACTUAL AND STATUTORY BACKGROUND

### A. Registration Requirements

13. On October 18, 2010, the Commission enacted new regulations implementing certain provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII, §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010) and the Act, with respect to off-exchange retail forex transactions.

14. Pursuant to Section 2(c)(2)(C)(iii)(I)(bb) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(bb) (2006 & Supp. IV 2011), an entity, including a CTA, or an AP of a CTA, must be registered with the Commission in order to exercise discretionary trading authority or obtain written authorization to exercise written trading authority over any account for or on behalf of any person that is not an ECP in connection with retail, leveraged forex transactions.

15. For the purposes of trading forex, a CTA is defined in Regulation 5.1(e)(1), 17 C.F.R. § 5.1(e)(1) (2012), as "any person who exercises discretionary trading authority or obtains written authorization to exercise discretionary trading authority over any account for or on behalf of any person that is not an eligible contract participant . . . in connection with retail forex transactions."

16. Regulation 5.3(a)(3)(i), 17 C.F.R. § 5.3(a)(3)(i) (2012), requires any person acting as a CTA, as defined in § 5.1(e)(1), to be registered as such.

17. For purposes of trading forex, an AP of a CTA is defined in Regulation 5.1(e)(2), 17 C.F.R. § 5.1(e)(2) (2012), as "any natural person associated with a commodity trading advisor . . . as a partner, officer, employee, consultant or agent . . . in any capacity which involves: (i) the solicitation of a client's or prospective client's discretionary account; or (ii) the supervision of any person or persons so engaged."

18. Regulation 5.3(a)(3)(ii), 17 C.F.R. § 5.3(a)(3)(ii) (2012), requires any person acting as an AP of a CTA, defined in § 5.1(e)(2), to be registered as such.

19. From October 18, 2010 through July 22, 2012, an ECP was defined by the Act, in relevant part, as an individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual." *See* Section 1a(12)(xi) of the Act, 7 U.S.C. § 1a(12)(xi) (2006).

20. Beginning July 23, 2012, and with passage of the Dodd-Frank Act, an ECP is defined by the Act, in relevant part, as "an individual who has amounts invested on a discretionary basis, the aggregate of which is in excess of - (I) $10,000,000; or (II) $5,000,000 and who enters into the agreement, contract, or transaction in order to managed the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual...". *See* Section 1a(18)(xi) of the Act, 7 U.S.C. § 1a(18)(xi) (2006 & Supp. IV 2011).

### B. Lincolnshire's Solicitations Through Geisinger

21. During the relevant period, Lincolnshire, through Geisinger, exercised discretionary trading authority or obtained written authorization to exercise written trading authority over forex trading accounts for or on behalf of persons that are not ECPs in connection with leveraged forex transactions while not being registered as a CTA with the Commission.

22. During the relevant period, Geisinger, solicited clients or prospective clients to open discretionary accounts in retail, leveraged forex transactions, or supervised people so engaged, while associated with Lincolnshire as a partner, officer, employee, consultant or similar agent, without being registered with the Commission as an AP of Lincolnshire.

23. During the relevant period, Lincolnshire was not registered with the Commission as a CTA and Geisinger was not registered with the Commission as an AP of a CTA as required by the Act and Regulations.

24. Lincolnshire, through Geisinger, solicited actual and prospective clients through, among other things, Lincolnshire's e-mail, its website www.lincolnshirepartners.com, telephone solicitations, and through the U.S. Mail.

25. As a result of these solicitations, non-ECP clients opened trading accounts during the relevant period. Clients solicited by Lincolnshire completed the account opening documents e-mailed to them by the Defendants or accessed through Lincolnshire's website (which provided a link to the account opening documents on

CCC's website). These documents included a "Limited Power of Attorney Form," which gave Lincolnshire discretionary trading authority over these client accounts, which were carried at CCC, an unregistered clearinghouse located in the United Kingdom. The deposits into these accounts totaled at least two hundred thirty seven thousand five hundred dollars ($237,500).

26. The fees charged by the Defendants for exercising discretionary trading authority over a client's account varied. For example, some clients were charged three "pips" and a twenty percent "Performance Fee". The Defendants charged at least one other client thirty percent per month on managed account profits.

27. The Defendants also provided clients with instructions on how to wire funds to a bank account in the name of CCC in London, United Kingdom.

28. The forex trades conducted, or offered to be conducted, by the Defendants on behalf of the Defendants' clients were entered into on a leveraged or margined basis. Defendants were required to provide as margin only a percentage of the value of the forex contracts that they purchased. Neither of the Defendants is a financial institution, registered broker dealer, insurance company, financial holding company, or investment bank holding company or associated person of financial institutions, registered broker dealer, insurance company, financial holding company, or investment bank holding company.

29. The forex transactions conducted by the Defendants, or offered to be conducted by the Defendants, neither resulted in delivery within two (2) days nor created

an enforceable obligation to deliver between a seller and a buyer that had the ability to deliver and accept delivery, respectively, in connection with their line of business. Rather, these contracts remained open from day to day and ultimately were offset or rolled over without anyone making or taking delivery of actual foreign currency or facing an obligation to do so.

30. Some or all of Defendants' clients were not "eligible contract participants" as that term is defined in Section 1(a)(12)(A)(xi) of the Act, 7 U.S.C. § 1a(12)(A)(xi) (2006), and Section 1a(18)(xi) of the Act, 7 U.S.C. § 1a(18)(xi) (2006 & Supp. IV 2011).

## VII. VIOLATIONS OF THE COMMODITY EXCHANGE ACT AND COMMISSION REGULATIONS

### COUNT ONE:
### VIOLATION OF SECTION 2(c)(2)(C)(iii)(I)(bb) OF THE ACT AND REGULATION 5.3(a)(3)(i): FAILURE TO REGISTER AS A COMMODITY TRADING ADVISOR

31. The allegations of paragraphs 1 through 30 are re-alleged and incorporated herein by reference.

32. During the relevant period, Lincolnshire acted as a CTA, as defined in Regulation 5.1(e)(1), 17 C.F.R. § 5.1(e)(1) (2012), related to off-exchange forex transactions, because it exercised discretionary authority over accounts of individuals who were not ECPs, as defined in Section 1a of the Act, 7 U.S.C. § 1a, in connection with retail forex transactions.

33. During the relevant period, Lincolnshire exercised discretionary trading authority or obtained written authorization to exercise written trading authority over any

account for or on behalf of persons that were not ECPs in connection with leveraged forex transactions while not being registered as a CTA with the Commission, in violation of Section 2(c)(2)(C)(iii)(I)(bb) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(bb) (2006 & Supp. IV 2011), and Regulation 5.3(a)(3)(i), 17 C.F.R. § 5.3(a)(3)(i) (2012).

34. Throughout the relevant period, Geisinger, individually and as the agent of Lincolnshire, solicited clients for Lincolnshire to exercise discretionary trading authority or obtain written authorization to exercise written trading authority over accounts for or on behalf of persons that were not ECPs in connection with leveraged forex transactions.

35. Each solicitation by Geisinger occurred within the scope of his office as an agent of Lincolnshire, and therefore, Lincolnshire is liable for Geisinger's violations of Section 2(c)(2)(C)(iii)(I)(bb) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(bb) (2006 & Supp. IV 2011), pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2006).

36. Each instance that Lincolnshire engaged in the conduct described herein and failed to register as a CTA with the Commission is alleged as a separate and distinct violation of Section 2(c)(2)(C)(iii)(I)(bb) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(bb) (2006 & Supp. IV 2011), and Regulation 5.3(a)(3)(i), 17 C.F.R. § 5.3(a)(3)(i) (2012).

**COUNT TWO:**
**VIOLATION OF SECTION 2(c)(2)(C)(iii)(I)(bb) OF THE ACT AND REGULATION 5.3(a)(3)(ii): FAILURE TO REGISTER AS AN ASSOCIATED PERSON OF A COMMODITY TRADING ADVISOR**

37. The allegations of paragraphs 1 through 36 are re-alleged and incorporated herein by reference.

38. During the relevant period, Geisinger acted as an AP of a CTA, as defined in Commission Regulation 5.1(e)(2)(i), 17 C.F.R. § 5.1(e)(2)(i) (2012), because he is a natural person associated with a CTA as defined in Regulation 5.1(e)(1), 17 C.F.R. § 5.1(e)(1) (2012) as a partner, officer, employee, consultant, or agent, in a capacity that involved: (i) the solicitation of a client's or prospective clients' discretionary account; or (ii) the supervision of any person or person so engaged.

39. During the relevant period, Geisinger, individually and as the agent of Lincolnshire, while associated with Lincolnshire as a partner, officer, employee, consultant or similar agent, solicited clients or prospective clients to open discretionary accounts in retail, leveraged forex transactions, or Geisinger supervised other persons so engaged, without being registered with the Commission as an AP of Lincolnshire, in violation of Section 2(c)(2)(C)(iii)(I)(bb) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(bb) (2006 & Supp. IV 2011) and Regulation 5.3(a)(3)(ii), 17 C.F.R. § 5.3(a)(3)(ii) (2012).

40. Each instance that Geisinger engaged in this conduct and failed to register as an AP of Lincolnshire with the Commission is alleged as a separate and distinct violation of Section 2(c)(2)(C)(iii)(I)(bb) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(bb) (2006 & Supp. IV 2011), and Regulation 5.3(a)(3)(ii), 17 C.F.R. § 5.3(a)(3)(ii) (2012).

## VIII. RELIEF REQUESTED

WHEREFORE, the Commission respectfully requests that this Court, as authorized by Section 6c of the Act, 7 U.S.C. § 13a-1 (2006 & Supp. IV 2011), and pursuant to the Court's own equitable powers, enter:

A. An order finding that Lincolnshire violated Section 2(c)(2)(C)(iii)(I)(bb) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(bb) (2006 & Supp. IV 2011), and Regulation 5.3(a)(3)(i), 17 C.F.R. § 5.3(a)(3)(i) (2012);

B. An order finding that Geisinger violated Section 2(c)(2)(C)(iii)(I)(bb) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(bb)(2006 & Supp. IV 2011), and Regulation 5.3(a)(3)(ii), 17 C.F.R. § 5.3(a)(3)(ii) (2012);

C. An order of permanent injunction prohibiting the Defendants, and any of their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendants, including any successors thereof, from directly or indirectly:

  i) Engaging in conduct in violation of Section 2(c)(2)(C)(iii)(I)(bb) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(bb) (2006 & Supp. IV 2011);

  ii) Engaging in conduct in violation of Regulations 5.3(a)(3)(i) and (ii), 17 C.F.R. §§ 5.3(a)(3)(i) and (ii) (2012);

  iii) Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a (2006 & Supp. IV 2011));

  iv) Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2012) ("commodity options"), security futures products, and/or foreign currency (as

describedinSections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act,
7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i) (2006 & Supp. IV 2011),
("forex contracts")), for their own personal accounts or for any
account in which they have a direct or indirect interest;

v) Having any commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts traded on their behalf;

vi) Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts;

vii) Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts;

viii) Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012); and

    ix)   Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012).

D. An order requiring the Defendants and any successors thereof, to disgorge to any officer appointed or directed by the Court all benefits received including, but not limited to, salaries, commissions, loans, fees, revenues, and trading profits derived, directly or indirectly, from the acts or practices which constitute violations of the Act, as described herein, and pre- and post-judgment interest thereon from the date of such violations;

E. An order requiring the Defendants to make full restitution to every person or entity whose funds they received or caused another person or entity to receive as a result of the acts and practices which constitute violations of the Act, as described herein, and pre- and post-judgment interest thereon from the date of such violations;

F. An order directing the Defendants and any successors thereof, to rescind, pursuant to such procedures as the Court may order, all contracts and agreements, whether implied or express, entered into between them and any of the clients they solicited or accepted orders from as a result of the acts and practices which constitute violations of the Act, as described herein;

G. An order requiring the Defendants to pay civil monetary penalties under the Act, to be assessed by the Court, in amounts of not more than the higher of: (1) $140,000 for each violation committed on or after October 23, 2008; or (2) triple the monetary gain to Defendants for each violation of the Act, as amended, and the Regulations;

H. An order requiring the Defendants to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2) (2006); and

I. An order providing such other and further relief as this Court may deem necessary and appropriate under the circumstances.

Dated: August 29, 2012

Respectfully submitted,

_____
ATTORNEYS FOR PLAINTIFF
Jason Mahoney (*pro hac vice* motion pending, DC Bar No. 489276)
Trial Attorney
Timothy J. Mulreany (*pro hac vice* motion pending, MD Federal Bar No. 08262)
Chief Trial Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

U.S. COMMODITY FUTURES TRADING COMMISSION
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5000 (telephone)
(202) 418-5868 (facsimile)
jmahoney@cftc.gov
tmulreany@cftc.gov

Kent A. Kawakami (California Bar # 149803)
Kent.Kawakami@usdoj.gov
Assistant United States Attorney
U.S. Attorney's Office
300 N. Los Angeles St., #7516
Los Angeles, CA 90012
(213) 894-4858 (telephone)
(213) 894-2380 (facsimile)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

### CV12- 7417 PA (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| U.S. Commodity Futures Trading Commission | Lincolnshire Trading Partners, LLC and Scott Geisinger |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jason Mahoney and Tim Mulreany<br>U.S. Commodity Futures Trading Commission<br>1155 21st Street, N.W., Washington, DC 20581 (202) 418-5000 | Unknown |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ Unspecified amount

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Failure to register as required by 7 U.S.C. §1 et seq. (2006 & Supp. IV 2011), as amended, and related regulations.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☒ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-07417

FOR OFFICE USE ONLY:  Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☒ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Scott Geisinger resides in Los Angeles County. Lincolnshire Trading Partners, LLC's principal place of business is in Los Angeles County. | Lincolnshire Trading Partners, LLC is incorporated in New York State |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 8/29/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |